**IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **GLENN WIMBERLEY,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | **CIVIL ACTION NO. 4:23-CV-01112-Y** |
| § | **JURY** |
| **STATE FARM LLOYDS,** § | |
| § | |
| Defendant. § | |
| § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE TERRY MEANS:

Plaintiff Glenn Wimberley, files this First Amended Complaint against Defendant State Farm Lloyds ("State Farm") and, in support of its causes of action, would respectfully show the Court the following:

**I.
THE PARTIES**

1. Glenn Wimberly is a citizen and resident of Texas.

2. State Farm is an insurance company doing business in the State of Texas. Upon information and belief, State Farm is an unincorporated association and is a citizen of Illinois and Colorado.

**II.
JURISDICTION AND VENUE**

3. This court has subject matter jurisdiction of this lawsuit under 28 U.S.C. §§ 1332(a). All parties to this civil action are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

4.  Venue is proper in this District because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas, located within this federal district.

### III.
### FACTUAL BACKGROUND

5.  Plaintiff is a named-insured under a property insurance policy issued by State Farm. The policy provided coverage for storm damage from March 1, 2022 through March 1, 2023.

6.  On or about April 4, 2022, or sometime within the policy period, a storm(s) hit the Tarrant County, TX area, damaging Plaintiff's residence.

7.  Over the following days and weeks, Plaintiff discovered that the roofing systems and other items were damaged beyond repair. Plaintiff filed a claim on its insurance policy on or about April 4, 2022.

8.  Prior to the April 2022 claim, Plaintiff's roof was damaged in a storm in May 2020.

9.  State Farm investigated the claim, found minimal damage to the roof, and paid Plaintiff $61.00 for the "covered damage."

10.  On September 17, 2022, after Plaintiff and State Farm could not come to an agreement as to the amount of damage the storm caused to Plaintiff's roof, Plaintiff invoked the appraisal clause of the State Farm policy.

11.  On September 21, 2022, State Farm acknowledged the appraisal request and appointed appraiser Denise Bain to represent State Farm in the appraisal process.

12.  On November 14, 2022, Ms. Bain and Plaintiff's appraiser, Jason Fulgham, signed an appraisal award agreeing on the total amount of damage to Plaintiff's roof. The appraisers jointly awarded a Replacement Cost Value of Plaintiff's roof in the amount of $39,446.48.

13. On or about November 23, 2022, State Farm sent a letter to Plaintiff advising it would pay the Actual Cash Value of the appraisal award, but it would not pay the Replacement Cost Value because Plaintiff allegedly failed to complete repairs within the time period specified in the policy.

14. In order to come to this conclusion, State Farm attributed the damage to the May 7, 2020 storm rather than the April 2022 storm.

15. Thus, in order to arrive at that conclusion, State Farm ignored its June 27, 2020 claim decision, finding that Plaintiff's property only incurred $3,603.21 in damage, and instead alleges that the May 7, 2020 storm caused the totality of the $39,446.68 loss.

16. Either State Farm defrauded Plaintiff by asserting $3,603.21 in damage due to the May 7, 2020 storm, or, in bad faith, it now claims new damage as old in order to avoid paying depreciation. Either way State Farm chooses to argue the point, it underpaid Plaintiff by a minimum of $34,606.68.

17. State Farm had both a contractual and statutory duty to perform a reasonable investigation of the claim. In light of State Farm's conflicting statements and claim decisions, it's clear that State Farm's investigations and/or ultimate claim decisions were unreasonable.

18. This unreasonable investigation led to the underpayment of Plaintiff's claim(s) and deprived Plaintiff of covered Policy benefits.

19. Moreover, State Farm performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## IV.
## CAUSES OF ACTION

20. Each of the foregoing paragraphs is incorporated by reference in the following:

**A. Breach of Contract**

21. State Farm had a contract of insurance with Plaintiff. State Farm breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B. Prompt Payment of Claims Statute**

22. The failure of State Farm to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

23. State Farm failed to adhere to the deadlines imposed within Section 542.055 when it failed to request from its claimant all items, statements, and forms that State Farm reasonably believed would be required from the claimant. Upon information and belief, State Farm did not request any such items from its insured.

24. State Farm failed to adhere to the deadlines imposed within Section 542.056 when it failed to render a claim decision either accepting or rejecting the claim within the timeframe specified. State Farm did not render a claim decision until June 1, 2022.

25. State Farm violated Section 542.058 by failing to pay all covered policy benefits within 60 days of its receipt of all items, statements, or forms.

26. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.  Bad Faith**

27. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

28. Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

29. Defendant violated Section 541.060 by:

    (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

30. Defendant violated Section 541.061 by:

    (1) making an untrue statement of material fact;

    (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

  (3)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

  (4)  making a material misstatement of law; and

  (5)  failing to disclose a matter required by law to be disclosed.

31. Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

32. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

### D. Attorneys' Fees

33. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

34. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because it is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

35. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## V.
## CONDITIONS PRECEDENT

36. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by State Farm.

# VI.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Glenn Wimberley prays that, upon final hearing of the case, it recover all damages from and against State Farm that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffy may show him to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:     /s/ *C. Eric Vickers*
         C. Eric Vickers
         State Bar No. 24118577
         evickers@dalyblack.com
         Richard D. Daly
         State Bar No. 00796426
         rdaly@dalyblack.com
         2211 Norfolk St, Suite 800
         Houston, TX 77098
         713-655-1405 – Telephone
         713-655-1587 – Facsimile
         ecfs@dalyblack.com (service)

**ATTORNEY FOR PLAINTIFF**
**GLENN WIMBERLEY**

## CERTIFICATE OF SERVICE

      I hereby certify that on December 4, 2023, a true and correct copy of the forgoing was served on all counsel of record by the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

Rhonda J. Thompson
rthompson@thompsoncoe.com
Kolby J. Keller
kkeller@thompsoncoe.com
Thompson, Coe, Cousins & Irons, LLP
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Tel: (214) 880-2502
Fax: (214) 871-8209
**ATTORNEYS FOR DEFENDANT STATE FARM LLOYDS**

                        By:  */s/ C. Eric Vickers*
                            C. Eric Vickers